■ SANDY ROMERO CALDERON et al., Appellants, v ANTILLAS AIR FREIGHT, INC. (NEW YORK) et al., Respondents, et al., Defendant. [828 NYS2d 216]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated May 23, 2005, as granted the motion of the defendants Antillas Air Freight, Inc. (New York), and Antillas Air Freight, Inc. (Florida), for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendants Antillas Air Freight, Inc. (New York), and Antillas Air Freight, Inc. (Florida), is denied.

The plaintiff Sandy Romano Calderon allegedly was injured when a truck, driven by an employee of Royal Antillas Air, doing business as Antillas Air (hereinafter Royal), crashed into the car in which she was a passenger. She, and her husband suing derivatively, commenced this action to recover damages for personal injuries against Royal, and against Antillas Air Freight, Inc. (New York), and Antillas Air Freight, Inc. (Florida) (hereinafter collectively Antillas Air), alleging that Royal was an agent of Antillas Air. The Supreme Court granted Antillas Air's motion for summary judgment dismissing the complaint insofar as asserted against them.

Since Royal used Antillas Air's logo and telephone numbers, and there are issues of fact as to whether the two corporations shared offices and whether an employee worked for both corporations, there is a triable issue of fact as to whether an agency relationship existed between Royal and Antillas Air. Accordingly, summary judgment dismissing the complaint against Antillas Air should have been denied. Crane, J.P., Spolzino, Krausman and Goldstein, JJ., concur.